**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

BRIAN WILLIAMS

      Plaintiff,

v.

                                                   No.: _____

KATHY PIPKIN d/b/a CHARLIE'S
ANGELS CLEANING SERVICE

      Defendant.

## COMPLAINT

      PLAINTIFF, Brian Williams, brings this action against the Defendant and alleges as follows.

### I.   PARTIES, JURISDICTION, AND VENUE

1.    This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2.    The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.   The Court has personal jurisdiction over the Plaintiff, a resident of Davidson County, Tennessee and the Defendant, who does business in Davidson County, Tennessee.

3.    Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4.    Plaintiff is a former employee of Kathy Pipkin d/b/a Charlie's Angels Cleaning Service (hereinafter "Defendant").   During his employment with Defendant, he was a covered

employee under the FLSA.

5.     The Defendant is a domestic entity doing business in Rutherford County, Tennessee. Defendant may be served with process at 6345 Sedgeridge Avenue, Murfreesboro, Tennessee, 37129.

6.     Defendant is a covered "employer" under the FLSA.

## II.   FACTUAL BASIS FOR SUIT

7.     Plaintiff is a former employee of Defendant.   His job was as a cleaner.

8.     During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

9.     Specifically, Plaintiff regularly and repeatedly worked approximately 60 hours per week. However, he was only compensated for approximately 35 hours of work per week.

10.    Plaintiff was compensated $9.50 per hour.

11.    Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.   29 C.F.R. § 778.107.

12.    When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate him at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work.   *See* 29 C.F.R. § 778.107.

13.    Plaintiff's actual job duties were not those of an "exempt" employee.

14.    Moreover, Plaintiff was not paid on a "salary basis," as that term is defined by the FLSA.

15.  Defendant did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over 40 during a workweek. Likewise, Defendant did not pay Plaintiff his federally mandated minimum wage. Instead, Defendant treated Plaintiff as an "independent contractor." Defendant did not take federally required withholdings from Plaintiff's pay, did not pay him overtime, did not pay his minimum wage, and intends to provide Plaintiff with an IRS Form 1099 for his employment in 2016. Defendant did this in an attempt to avoid paying the minimum wage, overtime and payroll taxes that Defendant is required by federal law to pay.

16.  Plaintiff was not an independent contractor.

17.  Plaintiff's job duties were an integral part of Defendant's business.

18.  Plaintiff did not work for any other employer during his employment with Defendant. Indeed, the number of hours Plaintiff worked precluded him from the opportunity to work for any other such company.

19.  Defendant exercised control over the terms and conditions of Plaintiff's employment.

20.  Plaintiff was expected to work on specific assignments for Defendant and to work the hours necessary to fulfill his specific job duties and responsibilities.

21.  Plaintiff did not have the opportunity to compete in open market competition.

22.  Defendant is unable to bear its burden of showing that Plaintiff fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

23.  Defendant's failure to pay Plaintiff minimum wage and overtime wages is a willful violation of the FLSA.

24.  Defendant is unable to bear its "substantial burden" of showing its failure to comply

with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

## III.   CAUSES OF ACTION

25.   The forgoing facts are incorporated by reference as if fully stated herein.

26.   Plaintiff brings the following claim against Defendant:   Failure to pay minimum wage and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## IV.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

27.   A declaratory judgment that Defendant has violated the minimum wage and overtime wage provisions of the FLSA;

28.   A declaratory judgment that Defendant's violations of the FLSA were willful.

29.   Damages in the amount of Plaintiff's unpaid minimum wage and overtime compensation to be proven at trial.

30.   Interest and liquidated damages in an amount equal to the minimum wage and overtime compensation shown to be owed to Plaintiff pursuant to 29 U.S.C. § 216(b);

31.   Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

32.   An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL MCWHERTER
SCOTT BOBBITT PLC

*s/ Michael L. Russell*
Michael L. Russell (#20268)
Emily S. Emmons (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*